WILLIAM A. VAN METER, ESQ.  
Nevada State Bar No. 2803                                    Electronically Filed on:  March 13, 2019  
P.O. Box 6630  
Reno, Nevada 89513  
Telephone:  (775) 324-2500  

Chapter 13 Trustee  

UNITED STATES BANKRUPTCY COURT  

DISTRICT OF NEVADA  

| | |
|---|---|
| In re: | CASE NO. 19-50096-BTB |
| | CHAPTER 13 |
| CANDICE I. MARTINEZ | |
| JEROME A. MARTINEZ, | **TRUSTEE'S OBJECTIONS TO** |
| Debtors. | **CONFIRMATION OF CHAPTER 13 PLAN** |
| | |
| | Hearing Date: 05/16/2019 |
| | and Time:      3:00 pm |
| / | (Time Required – 1 minute) |

The Trustee objects to confirmation of the Debtor(s) Chapter 13 Plan or any Amended Plan to the extent the proposed Plan contains provisions inconsistent with the provisions of 11 U.S.C. §1322 or to the extent the requirements of 11 U.S.C. §1325 have not been satisfied.  In connection with plan confirmation, the Trustee requests that the court determine that the Debtor has complied with 11 U.S.C. § 521(a)(1) and, that the automatic dismissal provisions of 11 U.S.C. § 521(i) do not apply.

The Trustee raises the following additional confirmation issues that are checked below:

__X___        The Debtor(s) projected Disposable Income during the applicable Commitment Period is not applied to make payments to unsecured claims in this case.  11 U.S.C. §§1325(b)(1)(B) & (b)(2). Based on the supporting documentation provided to the Trustee and the Trustee's review of the Debtor's form B22C and Schedules I and J, the Debtor(s) has miscalculated their Current Monthly Income as defined by 11 U.S.C. § 101(10A) and their disposable income as defined by 11 U.S.C. § 1325(b)(2).

**The debtor's payments are generated from the calculation of the form 22c, to arrive at the Disposable Monthly Income (Line #59).  This figure of $3,113.00 is taken and multiplied by 60 to arrive at the amount required to go to the unsecured creditors. The Form 22c indicates that the amount required to be paid to the unsecured creditors is sufficient to provide for the 100% payback to all creditors. The currently proposed plan does not adequately provide for this figure. The Trustee believes the debtors should present evidence supporting the departure from Form 22C.**

__X___        The Plan does not satisfy the good faith requirements of 11 U.S.C. §1325(a)(3) and/or (a)(7).

__X___        Other. **The Debtors proposed plan payment is $2,250.00, yet the Trustee notices that schedule J provides for disposable income of $3,573.11, and the Debtor's Disposable Monthly Income as provided for on the 22C is $3,113.00.  The Plan is not provided for at 100%.  The Trustee requires clarification as to why the disposable income is not being paid.**

DATED:  March 13, 2019                          /S/ WILLIAM A. VAN METER
                                                                             William A. Van Meter, Trustee

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Bankr. P. 9014, 7004 and Fed. R. Civ. P. 4(g), I Katie Christ hereby swear under penalty of perjury that I am over the age of 18, not a party to the within action, and that on March 13, 2019, I Electronically Filed the attached **TRUSTEE'S OBJECTIONS TO CONFIRMATION OF CHAPTER 13 PLAN** and that upon the filing of the document I anticipate that the Bankruptcy Court will thereafter generate a Notice of Electronic Filing and electronically transmit the document to:

Dated: March 13, 2019

/S/ Katie Christ
Katie Christ

SEAN P. PATTERSON, ESQ.
232 COURT STREET
RENO, NV 89501

CANDICE I. and JEROME A. MARTINEZ          Served by First Class Mail
3596 CHERRY ST.
SILVER SPRINGS, NV 89429

William A. Van Meter
Chapter 13 Trustee
P.O. Box 6630
Reno, NV  89513


CANDICE I. and JEROME A. MARTINEZ
3596 CHERRY ST.
SILVER SPRINGS, NV 89429